that part of defendants' motion seeking to preclude plaintiff from presenting evidence at trial concerning injury to his left leg. "[G]enerally, evidence of injuries or conditions not enumerated by the plaintiff in the bill of particulars will not be permitted at trial . . . [unless] it flows immediately and necessarily from the information conveyed in the bill of particulars[,] . . . or . . . the record reveals that the defendant[s] should have known of such injury or condition," and neither exception applies here (*Acunto v Conklin*, 260 AD2d 787, 788-789 [1999]; *see Conroe v Barmore-Sellstrom, Inc.*, 12 AD3d 1121, 1122-1123 [2004]). Present—Scudder, P.J., Peradotto, Carni, Lindley and Sconiers, JJ.

■ MICHAEL ROACH, Individually and as Representative of the Estate of CATHERINE ROACH, Deceased, et al., Appellants, v COACH USA, INC., et al., Respondents, et al., Defendants. (Appeal No. 1.) [902 NYS2d 478]—Appeal from an order of the Supreme Court, Livingston County (Thomas M. Van Strydonck, J.), entered March 24, 2009. The order granted the motion of defendants Coach USA, Inc., Coach Canada, Inc., Erie Coach Lines Company, individually and doing business as Coach Canada, Inc., Trentway-Wagar, Inc., individually and doing business as Coach Canada, Inc., Trentway-Wagar (Properties) Inc., and Ryan A. Comfort and determined that the law of Ontario, Canada concerning noneconomic damages applies to this action.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs (*see Butler v Stagecoach Group, PLC*, 72 AD3d 1581 [2010]). Present—Scudder, P.J., Peradotto, Carni and Sconiers, JJ.

■ MICHAEL ROACH, Individually and as Representative of the Estate of CATHERINE ROACH, Deceased, et al., Appellants, v COACH USA, INC., et al., Defendants, and J&J HAULING, INC., et al., Respondents. (Appeal No. 2.) [902 NYS2d 478]—Appeal from an order of the Supreme Court, Livingston County (Thomas M. Van Strydonck, J.), entered March 24, 2009. The order granted the motion of defendants J&J Hauling, Inc. and the estate of Ernest D. Zeiset, Jr., deceased, and determined that the law of Ontario, Canada concerning noneconomic damages applies to this action.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs (*see Butler v Stagecoach Group, PLC*, 72 AD3d 1581 [2010]). Present—Scudder, P.J., Peradotto, Carni and Sconiers, JJ.

■ LAURALEE DAVIDSON, Appellant, v COACH USA, INC., et al., Respondents, et al., Defendants. (Appeal No. 3.) [902 NYS2d

484]—Appeal from an order of the Supreme Court, Livingston County (Thomas M. Van Strydonck, J.), entered March 24, 2009. The order granted the motion of defendants Coach USA, Inc., Coach Canada, Inc., Erie Coach Lines Company, individually and doing business as Coach Canada, Inc., Trentway-Wagar, Inc., individually and doing business as Coach Canada, Inc., Trentway-Wagar (Properties) Inc., and Ryan A. Comfort and determined that the law of Ontario, Canada concerning noneconomic damages applies to this action.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs (*see Butler v Stagecoach Group, PLC*, 72 AD3d 1581 [2010]). Present—Scudder, P.J., Peradotto, Carni and Sconiers, JJ.

■ Lauralee Davidson, Appellant, v Coach USA, Inc., et al., Defendants, and J&J Hauling, Inc. et al., Respondents. (Appeal No. 4.) [902 NYS2d 485]—Appeal from an order of the Supreme Court, Livingston County (Thomas M. Van Strydonck, J.), entered March 24, 2009. The order granted the motion of defendants J&J Hauling, Inc. and the estate of Ernest D. Zeiset, Jr., deceased, and determined that the law of Ontario, Canada concerning noneconomic damages applies to this action.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs (*see Butler v Stagecoach Group, PLC*, 72 AD3d 1581 [2010]). Present—Scudder, P.J., Peradotto, Carni and Sconiers, JJ.

■ In the Matter of Steven Alster, Petitioner, v Brian Fischer, Commissioner, New York State Department of Correctional Services, Respondent. [901 NYS2d 896]—Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Seneca County [Dennis F. Bender, A.J.], entered December 16, 2009) to review a determination of respondent. The determination found after a tier III hearing that petitioner had violated various inmate rules.

It is hereby ordered that the determination is unanimously confirmed without costs and the petition is dismissed. Present—Smith, J.P., Fahey, Carni, Green and Gorski, JJ.

■ In the Matter of Anwatz Haque, Petitioner, v John Lempke, Superintendent, Five Points Correctional Facility, et al., Respondents. [902 NYS2d 486]—Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Seneca County [Dennis F. Bender, A.J.], entered